FILED

JAN 13 2009

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

RECEIVED

JAN 27 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 09-80010 MISC MHP

| | |
|---|---|
| In re: | BAP No. NC-08-1302 |
| STEVEN THOMPSON AND ASTER KIFLE-THOMPSON, | Bk. No. 07-50... |
| Debtors. | Adv. No. 07-05070 |
| STEVEN THOMPSON; ASTER KIFLE-THOMPSON, | |
| Appellants, | |
| v. | ORDER RE IFP REQUEST (Response Required) |
| MONTEREY MUSHROOMS, INC., | |
| Appellee. | |

Before: DUNN, MARKELL and HOLLOWELL, Bankruptcy Judges.

This is an appeal from an order granting summary judgment. On December 23, 2008, Appellants filed a request to waive the filing and docketing fees in this appeal ("Fee Waiver Request"). The Fee Waiver Request has been forwarded to the Panel.

The fee waiver provisions of 28 U.S.C. § 1930(f), as well as the procedures and guidance promulgated by the Judicial Conference of the United States with respect to the statute, permits the bankruptcy court to waive appellate fees <u>only</u> with respect to individual debtors under Chapter 7 whose filing fee has been waived. Appellants' Chapter 7 filing fee was not waived, and Appellants are thus ineligible for the fee waiver provisions of 28 U.S.C. § 1930(f).

1   Furthermore, under the holding of Perroton v. Gray (In re
2  Perroton), 958 F.2d 889 (9th Cir. 1992) and Determan v. Sandoval
3  (In re Sandoval), 186 B.R. 490, 496 (9th Cir. BAP 1995), the
4  Bankruptcy Appellate Panel has no authority to grant in forma
5  pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy
6  courts are not "court[s] of the United States" as defined in 28
7  U.S.C. § 451.  Only the U.S. District Court has authority to
8  grant in forma pauperis status with respect to this appeal.
9      Appellants' Fee Waiver Request is hereby TRANSFERRED to the
10 United States District Court for the Northern District of
11 California, for the limited purpose of ruling on whether
12 Appellants should be granted leave to proceed in forma pauperis.
13     It is Appellants' responsibility to take all necessary steps
14 to have the request considered by the district court within a
15 reasonable period of time.
16     No later than **February 12, 2009**, Appellants must file with
17 the BAP and serve on opposing counsel a written response which
18 includes as an exhibit a copy of the district court's order
19 regarding leave to proceed in forma pauperis or an explanation of
20 the steps Appellants has taken to have the request considered by
21 the district court.
22     For the convenience of the district court, copies of the Fee
23 Waiver Request, the notice of appeal and the order on appeal are
24 attached to this order.

Steven Thompson
Aster Thompson
43 Paradise Rd.
Castroville, CA 95012
831.224.3543
drstevent@aol.com



FILED
DEC 23 2008
CLERK
United States Bankruptcy Court
San Jose, California

### UNITED STATES BANKRUPTCY PANEL
### FOR THE 9TH CIRCUIT COURT

| | |
|---|---|
| MONTEREY MUSHROOMS INC., ) | BAP No. NC-08-1302 |
| Plaintiff ) | |
| ) | Bankruptcy Case No. 07-50303 |
| vs. ) | |
| STEVEN THOMPSON AND ASTER ) | Adv. Proc. No. 07507c? |
| KIFLE-THOMPSON, ) | |
| Defendants ) | **FEE WAIVER REQUEST DUE TO** |
| ) | **FINANCIAL HARDSHIP** |
| ) | |

Appellants Steven and Aster Thompson request a fee waiver from the BAP in the aforementioned matter. Appellants currently live on Steven's $11.00/hr. full time tech position. Aster is currently unemployed. The Thompson's can't afford to live; let alone afford justice at this time.

Dated:   December 19, 2008

_____
Steven Thompson, Appellant

_____
Aster Thompson, Appellant

NOV 17 2008

Steven Thompson
Aster Thompson
P.O. Box 92214
Henderson NV 89009
831.224.3543
drstevent@aol.com



## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re STEVEN THOMPSON AND
ASTER KIFLE THOMPSON, Debtors

MONTREY MUSHROOMS, INC..

        Plaintiff,

v.

STEVEN THOMPSON AND
ASTER KIFLE-THOMPSON

        Defendants

No. 07-50303 ASW7
Chapter 7
Adv. Proc. No. 075070

### NOTICE OF APPEAL

DEFENDANTS STEVEN AND ASTER THOMPSON appeal under 28 U.S.C. § 158(b) from the (Judgment or Order) of the bankruptcy court which granted the plaintiff's motion for summary judgment; entered in this adversary proceeding on the 6th day of November 2008.

The names of all parties to the order/judgment appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows;

1

Steven and Aster Thompson, Defendants in pro per
P.O. Box 92214
Henderson, NV. 89009
831.224.3543

Monterey Mushrooms, Plaintiff
Attorneys, Grunsky. Ebey, Farrar & Howell
240 Westgate Drive
Watsonville, CA 95016
831.722.2444
FAX 831.722.6153

Dated November 10, 2008

_____
Steven Thompson/Appellant

_____
Aster Kifle-Thompson/Appellant

**Entered on Docket
December 16, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

1 Alan J. Smith, Esq. – SBN 87770
2 Matthew J. Aulenta, Esq. – SBN 245812
GRUNSKY, EBEY, FARRAR & HOWELL
3 A Professional Corporation
240 Westgate Drive
4 Watsonville, CA 95076
Telephone (831)722-2444
5 Facsimile (831)722-6153

6 Attorneys for Plaintiff and Secured Creditor Monterey Mushrooms, Inc.

FILED
DEC 11 2008
United States Bankruptcy Court
San Jose, California

8           UNITED STATES BANKRUPTCY COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 In re:                                    No. 07-50303 ASW 7
12 STEVEN PAUL THOMPSON AND ASTER            Adv. Proc. No. 075070
   KIFLE-THOMPSON
13                                           [PROPOSED] ORDER GRANTING
              Debtors                        PLAINTIFF MONTEREY MUSHROOMS,
14                                           INC.'S MOTION FOR SUMMARY
                                             JUDGMENT
15
16 MONTEREY MUSHROOMS, INC.,
17           Plaintiff,
18 v.
19 STEVEN PAUL THOMPSON and ASTER
   KIFLE-THOMPSON,
20
             Defendants.
21

23     Plaintiff Monterey Mushrooms, Inc.'s motion for summary judgment as to its complaint to
24 determine dischargeability of debt, was heard by the court on November 6, 2008. Plaintiff appeared
25 through its attorney, Alan J. Smith. Debtor Steven Paul Thompson appeared telephonically. Debtor
26 Aster Kifle-Thompson did not appear. The matter was submitted by both parties without oral
27 argument. The court granted the Plaintiff's request for judicial notice. The court reviewed the points
28 and authorities, declarations and exhibits submitted by the parties, which include relevant documents

- 1 -

Momu19113\msj-order final
Monterey Mushroom, Inc. v. Steven P. Thompson, et al., U.S. Bankruptcy Court Case No. 07-50303RLE
[PROPOSED] ORDER GRANTING PLAINTIFF MONTEREY MUSHROOMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Case: 07-05070    Doc #: 59    Filed: 12/11/2008    Page 1 of 6

*For the reasons stated on the record at the hearing,*

1  from the underlying state court litigation. [Docket Nos. 37, 42 and 43].

2  Upon consideration of the documentation regarding the underlying state court action in which
3  the judgment was awarded, and affirmed on appeal, this Court now gives preclusive effect to the
4  judgment and finds it supports the denial of discharge under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).
5  Plaintiff's motion for summary judgment is GRANTED.

## I. STANDARD

8  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and
9  admissions on file, together with affidavits, if any, show that there is no genuine issue as to any
10 material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.
11 56(c).

12 The moving party "always bears the initial responsibility of informing the...court of the basis
13 for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine
14 issue of material fact." *Celotex v. Catrett*, 477 U.S. 317 (1986). The non-moving party must then
15 identify specific facts "that might affect the outcome of the suit under the governing law," thus
16 establishing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The court draws all
17 reasonable inferences in favor of the non-moving party, including questions of credibility and of the
18 weight that particular evidence is accorded. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520
19 (1992). Where a rational trier of fact could not find for the non-moving party based on the record as a
20 whole, there is no "genuine issue for trial," and summary judgment is appropriate. *Matsushita Elec.*
21 *Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

24 As a general proposition, federal courts must give full faith and credit to state court judgments.
25 28 U.S.C. § 1738, *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373 (1985).
26 The doctrine of collateral estoppel applies to state court judgments in section 523(a) discharge
27 exception proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). In determining the
28 collateral estoppel effect of a state court judgment, federal courts apply the collateral estoppel rules of

- 2 -

Momu19113\msj-order final
Monterey Mushroom, Inc. v. Steven P. Thompson, et al., U.S. Bankruptcy Court Case No. 07-50303RLE
[PROPOSED] ORDER GRANTING PLAINTIFF MONTEREY MUSHROOMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Case: 07-05070    Doc #: 59    Filed: 12/11/2008    Page 2 of 6

1. the state in which they sit. *In re Nourbakhsh,* 67 F.3d 798, 800 (9th Cir. 1995).
2.     Under California law, the doctrine of issue preclusion prevents re-litigation of issues decided in prior proceedings, when five factors are satisfied: (1) the issue decided in the prior action is identical to the issue presented in the second action; (2) the issue was actually litigated in the prior action; (3) the issue was necessarily decided in the first action; (4) there was a final judgment on the merits; and (5) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990). Even where these threshold requirements are met, application of the doctrine in any given case must further its underlying public policies. *Id.* at 341.
3.     The court finds these policy considerations in this case point to the application of issue preclusion. First, application of collateral estoppel will preserve the integrity of the judicial system. The state court fully adjudicated the issues presently before the bankruptcy court. The "public's confidence in the state judicial system would be undermined should the bankruptcy court relitigate the question" of whether the Debtors committed fraud. *Baldwin v. Kilpatrick,* 249 F.3d 912, 920 (9th Cir. 2001).
4.     Second, application of collateral estoppel in the present context will also promote judicial economy. Third, it will protect creditors from vexatious litigation.
5.     The parties held a lengthy trial in state court, in which the Debtors were represented by counsel and fully and competently participated. The trial court issued a detailed statement of decision. The Debtors appealed the judgment. It was affirmed by the Appellate Court in a published opinion, which addressed each of the Debtors' arguments in detail. The state court made appropriate factual findings and legal conclusions which support the elements of the dischargeability causes of action under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). Accordingly, application of the doctrine of issue preclusion is appropriate on this record.

### A. The Debt is Nondischargeable under 11 U.S.C. § 523(a)(2)(A)

Specifically, under section 523(a)(2)(A), a debt is nondischargeable to the extent obtained by false pretenses, a false representation or actual fraud. See *In re Diamond,* 285 F.3d 822, 827 (9th Cir.

- 3 -

Momu19113\msj-order final
Monterey Mushroom, Inc. v. Steven P. Thompson, et al., U.S. Bankruptcy Court Case No. 07-50303RLE
[PROPOSED] ORDER GRANTING PLAINTIFF MONTEREY MUSHROOMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Case: 07-05070   Doc #: 59   Filed: 12/11/2008   Page 3 of 6

1   2002). See also *Cohen v De La Cruz*, 523 U.S. 213, 218 (1998) and *Muegler v. Bening*, 413 F.3d 980,
2   984 (9th Cir. 2004).
3       To establish that the Debtors' debt is nondischargeable under section 523(a)(2)(A), Plaintiff
4   must show: (1) that the debtor made the representations; (2) that at the time he knew they were false;
5   (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor
6   relied on such representations; and (5) that the creditor sustained alleged loss and damage as the
7   proximate result of such representations." *In re Diamond*, 285 F.3d at 827.
8       This Court finds the state court judgment meets this standard. The state court found first that
9   the Debtors knowingly made false misrepresentations to the state through submission of fraudulent
10  articles of incorporation and fictitious business name permit applications. (*See* Statement of Decision
11  at p. 15: 12 -26.) Second, Debtors held themselves out as medical clinics through invoices, liens and
12  related documents--thus making false representations. (*See* Statement of Decision at pp. 15:26
13  through 16:3.) Third the court found that the Debtors engaged in fraudulent billing practices. (*See*
14  Statement of Decision at pp. 26:7 through 27:3.)
15      The court found the Debtors acted with the intent to defraud by presenting and pursuing
16  fraudulent claims for payment within the meaning of Penal Code § 550. (*See* Statement of Decision at
17  p. 16, lines 5 through 22.) Furthermore, the Debtors' invoices were calculated to deceive. (*See*
18  Statement of Decision at pp. 25: 23 through 26:4.)
19      The court found Plaintiff was the "target" of fraudulent billing practices. (*See* Statement of
20  Decision at p. 6) Lastly, the court found Plaintiff suffered damages. (*See* Statement of Decision at pp.
21  30-31.)
22
23          **B. The Debt is Nondischargeable under 11 U.S.C. § 523(a)(6)**
24      11 U.S.C. § 523(a)(6) excepts from discharge debts for willful and malicious injury to the
25  person or property of another. In order to find that damage was "willful," the court must find that the
26  debtor acted with either a subjective intent to harm or a subjective belief that harm was substantially
27  certain to result from the debtor's conduct. *See In re Su*, 290 F.3d 1140, 1144-46 (9th Cir. 2002).
28      Malicious damage involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily

- 4 -

Momu19113\msj-order final
Monterey Mushroom, Inc. v. Steven P. Thompson, et al., U.S. Bankruptcy Court Case No. 07-50303RLE
[PROPOSED] ORDER GRANTING PLAINTIFF MONTEREY MUSHROOMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Case: 07-05070   Doc #: 59   Filed: 12/11/2008   Page 4 of 6

causes injury, and (4) is done without just cause or excuse." *In re Su*, 290 F.3d at 1146-47.

The Debtors committed a "willful and malicious injury" under section 523(a)(6) if they intentionally injured Plaintiff. See *Kawaauhau v Geiger*, 523 U.S. 57, 61 (1998). The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Id.* at p. 61.

The state court judgment necessarily included the essential elements of section 523(a)(6). The court found that Debtors intentionally caused injury to Plaintiff without just cause, when the court found that the Debtors committed fraud. *See In Re Diamond*, 285 F.3d 822 (9th Cir. 2002).

### C. The Full Amount of the State Court Judgment is Nondischargeable

Plaintiff Monterey Mushrooms, Inc. obtained a state court judgment against Debtors in Monterey Superior Court on August 21, 2003. (Exh. H to Decl. of Alan J. Smith) The Debtors were found jointly and severally liable in the amount of $479,115.29 plus attorney's fees in the amount of $1,230,040, for a total judgment of $1,709,155.29. The state trial court found that Debtors had committed insurance fraud under Cal. Insurance Code § 1871.7 and Cal. Penal Code §§ 549 and 550. This decision was affirmed by the California Court of Appeal, Sixth Appellate District, in a published decision. The California Supreme Court and the United State Supreme Court denied review.[1]

The full amount of the judgment secured by Plaintiff, including attorney's fees and statutory penalties is nondischargeable under both sections 523(a)(2)(A) and (a)(6). *Cohen v De La Cruz*, 523 U.S. 213, 218 (1998) and *In re Albarran*, 347 B.R. 369 (9th Cir. BAP 2006).

The court does not find the elements of a section 523(a)(4) cause of action have been met. It does not appear that the Debtors were entrusted with Plaintiff's property, here money, such that embezzlement occurred. Therefore, the court does not give preclusive effect to the judgment to support the 11 U.S.C. § 523(a)(4) cause of action.

///

---

[1] See *The People ex. Rel. Mushrooms, Inc. v. Steven P. Thompson et al.*, 136 Cal.App.4th 24 (2006), rev. denied, 2006 Cal. LEXIS 4758 (Cal., Apr. 19, 2006); petition for cert. denied, 2007 U.S. LEXIS 3087 (U.S. Mar. 19, 2007) (127 S.Ct. 1869).

- 5 -

Momu19113\msj-order final
Monterey Mushroom, Inc. v. Steven P. Thompson, et al. U.S. Bankruptcy Court Case No. 07-50303RLE
[PROPOSED] ORDER GRANTING PLAINTIFF MONTEREY MUSHROOMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Case: 07-05070   Doc #: 59   Filed: 12/11/2008   Page 5 of 6

## III. CONCLUSION

The court GRANTS Plaintiffs' motion for summary judgment as to its complaint to determine nondischargeability of debt. It is appropriate to give collateral estoppel effect to the state court judgment. For the reasons set forth above, this court finds the debt owed by Debtors to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

DATED: 12 · 11 · 08

By _____
HON. ROGER L. EFREMSKY
United States Bankruptcy Judge
Northern District of California

APPROVED AS TO FORM AND CONTENT

_____
Steven Paul Thompson

_____
Aster Kifle- Thompson

- 6 -

Momu19113\msj-order final
Monterey Mushroom, Inc. v. Steven P. Thompson, et al., U.S. Bankruptcy Court Case No. 07-50303RLE
[PROPOSED] ORDER GRANTING PLAINTIFF MONTEREY MUSHROOMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Case: 07-05070   Doc #: 59   Filed: 12/11/2008   Page 6 of 6